**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 3 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MONTANA PUBLIC INTEREST RESEARCH GROUP; MONTANA FEDERATION OF PUBLIC EMPLOYEES,<br><br>        Plaintiffs - Appellees,<br><br> v.<br><br>CHRISTI JACOBSEN, in her official capacity as Montana Secretary of State; AUSTIN KNUDSEN, in his official capacity as Montana Attorney General; CHRIS GALLUS, in his official capacity as Montana Commissioner of Political Practices,<br><br>        Defendants - Appellants,<br><br>REPUBLICAN NATIONAL COMMITTEE; MONTANA REPUBLICAN PARTY,<br><br>        Intervenor-Defendants – Appellants. | No. 24-2811<br><br>D.C. No. 6:23-cv-00070-BMM<br><br>MEMORANDUM* |

---

      *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Argued and Submitted August 14, 2024
San Francisco, California

Before: GRABER, CALLAHAN, and KOH, Circuit Judges.

Plaintiffs Montana Public Interest Research Group and Montana Federation of Public Employees (collectively, "Plaintiffs") are organizations in Montana that conduct voter registration activities focused on college students and union members. Plaintiffs challenged Montana House Bill 892 ("HB 892"), which amended Montana Code Annotated section 13-35-210, raising constitutional overbreadth and vagueness claims and moving for preliminary relief. The district court granted Plaintiffs' motion for a preliminary injunction on the ground that HB 892 is unconstitutionally overbroad. Defendants Christi Jacobsen, Austin Knudsen, and Chris Gallus in their capacities as Montana officials (collectively, "Defendants") timely appealed. We have jurisdiction under 28 U.S.C. § 1291. We review the grant of a preliminary injunction for abuse of discretion, *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009), and affirm.[1]

1. A plaintiff seeking a preliminary injunction must demonstrate that (1) she

---

[1] Plaintiffs argue on appeal that we may affirm the district court's grant of the preliminary injunction on the alternative ground that HB 892 is vague. Because we affirm on the ground that HB 892 is overbroad, we do not reach this issue.

is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of the equities tips in her favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Defendants argue that the district court misapplied the *Winter* factors by adopting a relaxed standard for the merits analysis as articulated in *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011), without adopting a more stringent standard for its analysis of the equities. *See id.* at 1134–35. Defendants are mistaken. The district court stated repeatedly that it was analyzing likelihood of success on the merits. It also repeatedly explained that it evaluated the motion for a preliminary injunction under the *Winter* standard.

2. The district court did not abuse its discretion when it determined that Plaintiffs were likely to succeed on the merits of their overbreadth claim. Plaintiffs argued that provisions of HB 892 that imposed criminal penalties of up to eighteen months in prison and $5,000 in fines for those who "purposefully remain registered to vote in more than one place in this state or another state any time" or who fail to "provide . . . previous registration information on the Montana voter registration application" were unconstitutionally overbroad.

To prevail on an overbreadth challenge in the First Amendment context, a party must demonstrate that "a substantial number of the law's applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep."

3

*Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2397 (2024) (brackets omitted) (quoting *Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595, 615 (2021)). To judge whether a statute is overbroad, a court must first "construe the challenged statute; it is impossible to determine whether a statute reaches too far without first knowing what the statute covers." *United States v. Williams*, 553 U.S. 285, 293 (2008). Second, a court assesses whether the statute "criminalizes a substantial amount of protected expressive activity," *id*. at 297, that is "realistic, not fanciful," *United States v. Hansen*, 599 U.S. 762, 770 (2023).

The district court followed those steps here. It first construed the statute, correctly determining that the law "has two separate but related effects: 1) prohibits a person from purposefully remaining registered to vote in multiple jurisdictions . . . ; and 2) requires a person registering to vote using the Montana voter registration application to provide prior voting registration information." The court then determined that HB 892's legitimate sweep was the prevention of the crime of double voting. This conclusion was not erroneous: double voting has long been illegal in Montana, *See* Mont. Code Ann. § 13-35-210(1) (1995) ("No person may vote more than once at an election."), and "[s]peech intended to bring about a particular unlawful act has no social value; therefore, it is unprotected." *Hansen*, 599 U.S. at 783.

Second, the court determined that HB 892 prohibits a substantial amount of

4

protected speech relative to its plainly legitimate sweep. The record supports this conclusion. Plaintiffs submitted declarations by their respective organizations' executives explaining that HB 892 could discourage some of their thousands of members from registering to vote in Montana, especially if those individuals do not know where they plan to vote due to uncertainty about where they will reside during future elections. On the other hand, Defendants submitted evidence that there were only fourteen instances of suspected double voting in Montana in the 2020 general election. Given these facts, we discern no abuse of discretion in the district court's determination that HB 892 criminalizes a substantial amount of non-fanciful protected speech relative to its limited legitimate sweep.[2]

3. On appeal, Defendants assert that voter registration is not protected speech and that there is no First Amendment right to maintain multiple voter registrations. Therefore, they contend, HB 892 reaches only conduct unprotected by the First Amendment. We decline to consider this argument. Defendants failed

---

[2] At oral argument, Defendants appeared to argue that *Moody v. NetChoice, LLC*, 144 S. Ct. 2383 (2024), reformulated the overbreadth analysis such that "the comparator is all Montana voters." This new argument, raised for the first time at oral argument, was not presented in the briefs. Moreover, it misreads *NetChoice*: that case did not overrule decades of precedent stating that overbreadth analysis compares a law's "unconstitutional applications" to its "constitutional ones." 144 S. Ct. at 2394. The new argument also conflicts with Defendants' assertion that HB 892 applies only to those Montana voters who "purposefully" remain registered to vote in more than one place. Thus, the appropriate comparator is not all Montana voters, as Defendants stated at oral argument.

to raise it in the court below and have therefore forfeited the issue. "Ordinarily, an appellate court will not hear an issue raised for the first time on appeal." *Kaass L. v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015) (quoting *Cornhusker Cas. Ins. Co. v. Kachman*, 553 F.3d 1187, 1191 (9th Cir. 2009)). Indeed, the parties did not dispute below that voter registration *is* protected speech. We therefore decline to consider Defendants' new First Amendment argument in this appeal.

    4. The district court's determination that the other preliminary injunction factors tipped in favor of Plaintiffs was not an abuse of discretion. The district court considered testimony from Regina Plettenberg, a county clerk, election administrator, and chair of the Montana Association of Clerk and Recorder's legislative committee, that HB 892 would not change election administrators' practices. Defendants contend that this shows that there is no irreparable harm. However, because HB 892 would discourage individuals from registering to vote in Montana by threatening criminal penalties for doing so, HB 892 carries the risk of irreparable harm to Plaintiffs. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.").

    As to the balance of the equities, Defendants argue that the preliminary injunction undermines Montana's interest in ensuring the integrity of its elections

6

and enforcing its laws. However, as stated, HB 892 does not change Montana's voter registration practices. Rather, it relies on criminal penalties and deterrence for its enforcement. And double voting already is a crime. These facts undermine Defendants' argument that enjoining the statute will compromise the integrity of Montana's elections. On the other hand, Plaintiffs have presented evidence that HB 892 would require them to divert resources in order to assist the public to comply with the law and that individuals may be chilled from registering to vote in Montana. Thus, the district court did not err when it concluded that this factor tips in Plaintiffs' favor.

Defendants do not contest that the preliminary injunction was issued in the public interest. The district court reasoned, and we agree, that the "ability of Montana voters to register to vote without fear of felony criminal penalties" implicates the public's interest in "exercising the fundamental political right to vote" (quoting *Obama for Am. v. Husted*, 697 F.3d 423, 436–37 (6th Cir. 2012)).

**AFFIRMED.**